MARYAN WILCZYNSKI, ADMINISTRATRIX, RESPONDENT, v. THE PENNSYLVANIA RAILROAD COMPANY, APPELLANT.

Submitted March 27, 1916—Decided March 5, 1917.

1. Where the master provides his servants with a method of doing his work, which has a direct bearing upon the safety of those employed in such work, a duty arises on the part of the master to use reasonable care to provide a safe method, or at least to avoid a dangerous method if the exercise of reasonable care would produce that result.

2. The duty of a master to use reasonable care to provide a safe method for his employes to do his work, like the duty to use reasonable care to provide a safe place of work, is one that the master owes to his servants, and hence is one for the breach of which the master cannot escape liability by entrusting the performance of such duty to others, be they managers, agents, strangers, volunteers or fellow servants.

3. The obligation of a master to use reasonable care to provide a safe method of work for his employes cannot be avoided by ordering them to work at an employment in his interest but over which he exercises no control.

On appeal from the Supreme Court.

This is an action under the Federal Employers' Liability act to recover damages for the death of a servant of the appellant resulting from the negligence of that company while engaged in interstate commerce, in which it employed the plaintiff's intestate. The interstate commerce in which the appellant was engaged consisted in the carriage of steel girders from a point in the State of Delaware to a point in the State of New York. This is established by the appellant's answers to interrogatories as follows: "State where the said freight was received by the defendant." Answer, "From Edgemoor, Delaware." "State to where and to whom the said freight was consigned." Answer, "Post and McCord Company, New York City."

That the interstate character of the transaction continued to exist at the time of the accident was also established by the verdict of the jury, to whom the question was left as one essential to the plaintiff's right of recovery. At the time of this accident the deceased, whose name was Wilczynski, was on the deck of a barge to which the girders were being transferred from the appellant's car on its dock at Greenville, New Jersey, for transportation to New York City, the place of their consignment.

Wilczynski was regularly employed by the appellant as a laborer on this dock, and at the time of his injury had been ordered by the appellant to assist in the loading of the girders on the barge. The girders, which weighed five tons each, were hoisted from the car on the dock by means of a derrick on the boat, the arm of which was long enough to be swung over the car where a girder would be chained to its end, when the arm bearing the girder would be swung back over the deck of the boat and the girder lowered to its place.

The effect of the great weight of the girder at the extreme end of the arm of the derrick was to pull the boat sharply over to that side as long as the girder was suspended over the dock, and to cause the barge to right itself suddenly when the girder was swung over its deck. The rocking motion thus imparted to the boat had a tendency to dislodge the top girder of a pile that was unsupported by a neighboring pile of equal height, and the higher the pile the more likely would this be. The proper manner of piling the girders, as testified to by a witness for the defendant below, was to lay, first, the bottom tier, and then to add successively one girder only to each tier, thereby keeping the tiers of uniform height or so that at most no tier would top the others by more than one girder. The cause of the injury to Wilczynski, as the jury might find, was that the rocking of the boat dislodged the topmost of a pile of seven girders, causing it to fall on to the top girder of a much lower pile, thereby dislodging the girder thus struck and causing it to fall upon Wilczynski.

The defendant proved that the barge was owned by a lighterage company who employed the captain, mate and engineer, and that the servants of the railroad company, of whom Wilczynski was one, were ordered by the appellant to work on the boat under some arrangement between the railroad company and its consignee. The defendant also proved that the captain of the barge had entire charge of the loading of the girders on the boat, including the manner in which they should be placed and piled.

Exceptions were taken to the denial of motions for a non-suit and for the direction of a verdict.

An exception was also taken to the following language of the charge: "The duty of this defendant company toward this intestate, if he was their servant at the time that he was doing the work there, was the duty to use reasonable care in and about the work of loading the barge or boat with the iron girders."

These exceptions are the basis of the grounds of appeal that have been argued.

For the appellant, *Vredenburgh, Wall & Carey.*

For the respondent, *Charles M. Egan.*

The opinion of the court was delivered by

GARRISON, J. It was not error to deny the motions to take the case from the jury. There was ample testimony from which the jury could find that the dislodgment of the top girder of the highest pile by the rocking of the boat was due to the fact that the piles of girders had not been kept at a uniform height, as the testimony shows that they should have been, and as the fatal result in this case demonstrated. An accident from this cause would be due not to the work done or to be done by the servants of the defendant, but to the plan adopted for the proper distribution of the girders among the several tiers or piles, a matter over which such servants had no control, and in which they had no participation. Owing to the great weight of the girders, the tier or pile upon which any particular girder would be placed was the pile upon which it was mechanically lowered by the derrick operated under orders from the captain of the barge, who, in respect to the adoption of the method in which the girders should be piled up on the deck of the boat, occupied the dominant position of master. Where, however, the method provided for doing the work, or a part of it, has a direct bearing upon the safety of those employed in and about such work, a duty arises on the part of the master of such employes to use reasonable care to provide a safe method of doing the work, or at least to avoid a dangerous method if the exercise of reasonable care would produce that result. The state and federal decisions are collected in the *American Digest,* under key number Master and Servant 130.

This duty of the master, like the duty to use reasonable care to provide a safe place of work, with which it is closely assimilated in legal principle, is one that the master owes to his servants, and hence is one for the breach of which the master cannot escape liability by entrusting the perform-

ance of such duty to others, be they managers, agents, strangers, volunteers or fellow servants.

As we said in the case of *Laragay* v. *East Jersey Pipe Co.*, 77 *N. J. L.* 516: "When a master thus owes a duty to his servants it is immaterial what agency he may employ for its performance, it remains his duty, and he cannot escape liability for its negligent fulfillment by delegating its performance to one or more of the very class to whom such duty is owing. The test is not what agents did the master employ in the performance of a given duty, but whether the duty itself was one that he owed to his servants or one that they owed to him." Obviously, in the present case, the employes of the defendant owed no duty to it to provide a reasonably safe method of doing the work in which they were ordered to assist, and it is equally obvious that such a duty was owing by the defendant to its servants when it ordered them to engage in a work where their reasonable safety depended upon the method of doing it. Inasmuch as the defendant could not avoid this duty by delegating the performance of it to the captain of the barge, or by passively permitting it to be performed by him, it was immaterial upon the questions raised by the motions to nonsuit and to direct a verdict, what relation, if any, existed between the lighterage company and the Pennsylvania Railroad Company, or between the servants employed by the one and those employed by the other. For as the duty of the defendant to its servants could not be escaped by the delegation of its performance, neither could it be avoided by ordering them to work at an employment over which the defendant in fact exercised no control. The duty of the master followed the employment engaged in by the servant under the order of the master. The abandonment of a duty or the abdication of the power to perform it, does not discharge the duty or cancel the master's liability for its non-performance. The question remains, Was the duty in fact performed? and this, under the testimony in the present case, was a question for the jury. There was, therefore, no error in the denial of the motions to take the case from the jury.

*90 N. J. L.*          Wilczynski v. Penna. R. R. Co.

The exception to the charge which is the basis of the remaining ground of appeal presents the same legal question in a slightly different form.

The language of the charge covered any duty that was owed by the defendant to the plaintiff's intestate, and hence covered the one we have been considering, although no particular duty was specified. The ground of the exception, however, was not that the character of the duty was not specified, but that no duty of any character existed. When the exception was taken by counsel for the defendant, he was asked by the court, "Your point being just what?" To which inquiry the response was, "We claim that under the evidence we were under no duty at all to this plaintiff's intestate during the operation of the unloading and the transferring and stowing of the girders."

This exception presents, therefore, the same question that was presented by the motions to take the case from the jury, and hence, for the reasons given upon that branch of this appeal, the charge was not erroneous upon the ground pointed out by the exception or upon any other ground pointed out in the argument of this appeal.

Finding no error in any matter assigned as a ground of appeal, the judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ.    12.

*For reversal*—THE CHIEF JUSTICE, PARKER, J.    2.